1  Arthur A. Hartinger (SBN 121521)
   ahartinger@meyersnave.com
2  Reichi Lee (SBN 228578)
   rlee@meyersnave.com
3  MEYERS, NAVE, RIBACK, SILVER & WILSON
   555 12th Street, Suite 1500
4  Oakland, CA  94607
   Telephone: 510.808.2000
5  Facsimile: 510.444.1108

6
   Attorneys for Defendants
7  CITY OF FREMONT, CRAIG STECKLER,
   ROBERT NELSON, CHARLES UHLER, and
8  CURTIS CODEY

9  Douglas C. Kane (SBN 198934)
   dougkane@protectingrights.net
10 LAW OFFICE OF DOUGLAS KANE
11 123 Jewell Street
   Santa Cruz, CA 95060
12 Telephone: (831) 459-8000
13 Facsimile: (831) 459-8127

14 Attorney for Plaintiff
   PHILLIP BROOKS
15

16              UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA

18 PHILLIP BROOKS,                    CASE NO. C 07-06458 JSW

19          Plaintiff,               **JOINT CASE MANAGEMENT
                                     STATEMENT AND PROPOSED ORDER**
20      v.

21 CITY OF FREMONT, CRAIG            Date:        April 18, 2008
   STECKLER, ROBERT NELSON,          Time:        9:00 a.m.
22 CHARLES UHLER, CURTIS CODEY,      Courtroom:   2, 17th Floor
   and Does 1-20, Inclusive,         Judge:       Hon. Jeffrey S. White
23
          Defendants.
24

25      The parties to this action jointly submit this Case Management Statement and Proposed

26 Order and request that the Court adopt it as its initial Case Management Order in this case.

27      A.    **JURISDICTION AND SERVICE**

28      This action was originally filed by plaintiff Phillip Brooks ("Plaintiff" or "Brooks") in the

                                          1

1  Superior Court of California, County of Alameda on November 26, 2007.  Defendant City of

2  Fremont ("City") first received a copy of the Complaint on or about December 6, 2007.

3  Subsequently, individual defendants Chief of Police Craig Steckler, Captain Robert Nelson,

4  Lieutenant Charles Uhler, and Sergeant Curtis Codey agreed to accept service.

5       This action was removed to this Court on December 21, 2007 pursuant to 28 U.S.C. §

6  1441(b) on the grounds that the action alleges violations of federal claims 42 U.S.C. §§ 1981 and

7  1983, and asserting that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may

8  exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§

9  1367(a) and 1441(c).

10      On February 19, 2007, the parties entered a Stipulation to dismiss individual defendants

11  Charles Uhler and Curtis Codey with prejudice.

12  **B.    FACTS**

13  **PLAINTIFF'S ALLEGATIONS**

14      Plaintiff is an African-American male who has been employed with the City of Fremont

15  Police Department for the past eight years and continues to be employed there.  Plaintiff asserts

16  seven causes of action for:

17           (1) racial harassment in violation of the FEHA against all defendants;

18           (2) racial discrimination in violation of FEHA against the City;

19           (3) failure to provide a discrimination-free workplace under FEHA against the City;

20           (4) denial of equal protection under 42 U.S.C. § 1983 against all defendants;

21           (5) denial of equal rights under 42 U.S.C. § 1981 against all defendants;

22           (6) negligent infliction of emotional distress against all defendants; and

23           (7) intentional infliction of emotional distress against all defendants.

24      Plaintiff alleges that Defendants fostered an environment conducive to allowing racial

25  discrimination and harassment to flourish.  He further alleges that he was exposed to racial jokes

26  and comments, and other racially-based harassment, throughout the period during which he has

27  worked at the Fremont Police Department, including being referred to as a "fucking black idiot"

28  by one supervisor, and being told that "his kind" would probably be better off some place else,

JOINT CASE MANAGEMENT STATEMENT                                    [C 07-06458 JSW]
AND PROPOSED ORDER
1082097

1  like Oakland. In addition, he alleges disparate treatment based on his race, which denied him the
2  opportunity for advancement afforded to similarly situated non-African-American employees of
3  the department.

4        Individual defendants Chief Steckler and Captain Nelson were in Plaintiff's chain of
5  command at various points in time. As against Chief Steckler, Plaintiff alleges that Steckler
6  "carefully scrutinized" his actions, declined to investigate his allegations of mistreatment, failed to
7  timely present him with a commemorative pen, and directed an internal investigation into an
8  incident involving Plaintiff and Sergeant Epps. (Compl. ¶ 58, 64, 75, 79.) As against Captain
9  Nelson, Plaintiff similarly asserts that he was scrutinized by Nelson and that Nelson harassed him
10  in relation to his work related injury. (Compl. ¶ 58, 73.)

11        Plaintiff's alleged damages include: back pay, front pay, loss of benefits, loss of earning
12  capacity, medical expenses and other special damages in the amount of $100,000; general
13  damages in the amount of $1,000,000; punitive damages; and reasonable attorney's fees pursuant
14  to Government Code § 12965(b) and 42 U.S.C. § 1988.

15  **DEFENDANT'S RESPONSE**

16        The City denies Plaintiff's general allegation – that it promotes and condones a culture of
17  discriminatory practices against African-American police officers. Plaintiff was not denied
18  advancement in the police department on account of his race or by "weeding out" prospective
19  candidates through an "overly scrutinized selection process." The City further denies fostering an
20  environment in which racially offensive jokes and harassment of African-American police officers
21  are tolerated. (Compl. ¶ 11-12.)

22        The vast majority of Plaintiff's complaints surround interactions relative to Plaintiff's poor
23  work performance. All Defendants deny having subjected Plaintiff to any discriminatory or
24  harassing comments or conduct. Rather, Defendants assert that Plaintiff's allegations all relate to
25  discretionary personnel actions and decisions (or lack thereof) taken based on their supervisory
26  roles. Further, all of the racially offensive conduct alleged by Plaintiff falls squarely outside the
27  statute of limitations. Indeed, Plaintiff has stipulated to dismiss two defendants with prejudice --
28  Charles Uhler and Curtis Codey -- based on the statute of limitations.

3

1  Defendants believe this lawsuit is completely meritless. Plaintiff continues to report to
2  work full time performing his regular police duties.   He raises no legitimate complaints in this
3  lawsuit.

4  **C.    LEGAL ISSUES**

5  **PLAINTIFF'S STATEMENT**

6  Plaintiff alleges that the racially-based conduct of the employees of defendant City of
7  Fremont was sufficiently severe and pervasive to create a hostile work environment and to alter
8  the terms and conditions of his employment, constituting racial harassment in violation of the
9  California Fair Employment and Housing Act (FEHA), Government Code section 12940,
10 subdivision (j). Plaintiff alleges that some of the alleged conduct occurred within one year
11 preceding the filing of his complaint with the California Department of Fair Employment and
12 Housing, and that therefore the continuing violations doctrine applies to his racial harassment
13 claim. He further alleges that the disparate treatment on the basis of his race that he was exposed
14 to constitutes racial discrimination in violation of the FEHA (Gov. Code section 12940(a)), and
15 that defendants failed to take reasonable steps to provide him with a harassment and
16 discrimination-free workplace in violation of the FEHA (Gov. Code section 12940(k)).  Plaintiff
17 also alleges that Defendants' conduct denied him equal protection under the law in violation of the
18 Fourteenth Amendment of the United States Constitution, pursuant to 42 U.S.C. section 1983, and
19 that he was deprived of equal rights under color of law pursuant to 42 U.S.C. section 1981.
20 Finally, Plaintiff alleges that Defendants' conduct negligently and/or intentionally inflicted severe
21 emotional distress on him.

22 **DEFENDANT'S RESPONSE**

23 Defendants deny that they committed any acts or omissions which would subject them to
24 liability under any of the claims for relief stated in the Complaint.  In addition, Defendants deny
25 that they breached any statutory or common law duties to Plaintiff and that Plaintiff has suffered
26 any damages as a result of Defendants' alleged acts and omissions.

27 Further, Defendants contend that individual defendants Steckler and Nelson are entitled to
28 immunity for their discretionary personnel decisions under California law and are similarly

JOINT CASE MANAGEMENT STATEMENT                                    [C 07-06458 JSW]
AND PROPOSED ORDER
1082097

1   entitled to qualified immunity for the federal civil rights claims. Further, Defendants contend that

2   Plaintiff's intentional infliction of emotional distress claim is preempted by California's Workers'

3   Compensation Law and that both Plaintiff's intentional and negligent infliction of emotional

4   distress claims are barred under the immunity provided to public entities and public employees

5   under the California Torts Claims Act.

6       **D.    MOTIONS**

7       Defendants City, Steckler and Nelson filed a Motion to Dismiss on February 25, 2008.

8   This motion is scheduled for hearing on April 18, 2008 at 9:00 a.m. before this Court. Defendants

9   also anticipate filing a Motion for Summary Judgment or Adjudication of Issues after completion

10  of discovery.

11      **E.    AMENDMENT OF PLEADINGS**

12      At this time, Plaintiff does not anticipate the need to amend his Complaint, but reserves the

13  right to do so in response to the Court's ruling on Defendants' motion to dismiss. Defendants

14  have not filed an Answer to the Complaint, but will do so after the Court's ruling on the motion to

15  dismiss. In the event that the Court orders Plaintiff to amend his Complaint, Defendants will file

16  an Answer to the First Amended Complaint.

17      **F.    EVIDENCE PRESERVATION**

18      The parties certify that any evidence relevant to the issues reasonably evident in this action

19  is being preserved.

20      **G.    DISCLOSURES**

21      Initial Disclosures were served by Defendants on March 21, 2008. Initial Disclosures were

22  served by Plaintiff on March 24, 2008. The disclosures detail the names of the individuals likely

23  to have discoverable information, along with the subjects of that information, a description by

24  category of relevant documents the parties may use to support their anticipated claims and

25  defenses, a computation of damages claimed by Plaintiff, and a statement of insurance.

26      **H.    DISCOVERY**

27      To date, discovery has not yet commenced. Pursuant to F.R.C.P. 26(f), the parties have

28  met and conferred and propose the following discovery plan:

1       a.      Initial Interrogatories, Requests for Production of Documents and/or Requests for

2 Admissions to be served by mail on or before June 30, 2008.

3       b.      Deposition of named parties to be completed on or before October 31, 2008.  The

4 parties hereby waive the 7-hour time limitation for the deposition of Plaintiff.  Any further

5 extensions of time will require written stipulation of the parties' counsel or an order of the Court.

6       c.      Depositions of non-parties, if any, to be completed on or before the discovery cut-

7 off on November 28, 2008.  The 7-hour limitation on each of these depositions may be waived or

8 extended only by written stipulation of the parties' counsel or an order of the Court.

9       d.      Subpoenas duces tecum (documents only), if any, to be served on non-party

10 witnesses with response dates due prior to the discovery cut off on November 28, 2008.

11       e.      Designation of expert witnesses to be served by mail on or before December 31,

12 2008.

13       f.      Depositions of expert witnesses, if any, to be completed on or before January 30,

14 2009.  The 7-hour limitation on each of these depositions may be waived or extended only by

15 written stipulation of the parties' counsel or an order of the Court.

16       g.      Discovery cut-off: November 28, 2008.

17       **I.**      **CLASS ACTIONS**

18       Not applicable.

19       **J.**      **RELATED ACTIONS**

20       There are no related cases or proceedings pending before another judge of this court, or

21 before another court or administrative body.

22       **K.**      **RELIEF**

23       Plaintiff seeks compensatory damages from all defendants, and punitive damages from the

24 individual defendants.  He further seeks reasonable attorney's fees and costs, interest, and

25 whatever additional relief the court deems proper and just.

26       **L.**      **SETTLEMENT AND ADR**

27       The parties have met and conferred regarding ADR and have agreed to participate in

28 mediation by June 15, 2008 (90 days from the date of the Order Selecting ADR Process).  The

1  parties may stipulate to a later date for mediation.

2  **M.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

3  On January 2, 2008, Defendants filed a Declination to Proceed Before a Magistrate for trial

4  and disposition of this case and the case was reassigned to this Court.

5  **N.    OTHER REFERENCES**

6  The parties have no need for binding arbitration, a special master, or the Judicial Panel on

7  Multidistrict Litigation.

8  **O.    NARROWING OF ISSUES**

9  The parties may stipulate to facts at trial in order to narrow the issues.

10  **P.    EXPEDITED SCHEDULE**

11  The parties have no need for expedited scheduling.

12  **Q.    SCHEDULING**

13  The parties have agreed to the following proposed dates:

14  1.    Non-expert discovery cut-off: November 28, 2008

15  2.    Expert disclosure cut-off: December 31, 2008

16  3.    Hearing on dispositive motions: February 27, 2009

17  4.    Pre-trial conference: March 9, 2009

18  5.    Trial is requested for: End of March 2009.

19  **R.    TRIAL**

20  Plaintiff has demanded a jury trial.  The parties anticipate a 5-7 day trial.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

7

**S.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

At this time, the parties have no disclosure to make under Civil Local Rule 3-16.  The parties will each file a certification with the Court before April 18, 2008.

Dated: April 11, 2008                    MEYERS, NAVE, RIBACK, SILVER & WILSON


                                                   /s/ Reichi Lee
                                    By:_____
                                              Arthur A. Hartinger, Esq.
                                              Reichi Lee, Esq.
                                              Attorneys for Defendants
                                              CITY OF FREMONT, CRAIG STECKLER,
                                              ROBERT NELSON


Dated: April 11, 2008                    LAW OFFICE OF DOUGLAS KANE


                                                   /s/ Douglas Kane
                                    By:_____
                                              Douglas C. Kane, Esq.
                                              Attorney for Plaintiff
                                              PHILLIP BROOKS


**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.


Dated: _____        _____.

                                              Hon. Jeffrey S. White
                                              United States District Court Judge

JOINT CASE MANAGEMENT STATEMENT                    [C 07-06458 JSW]
AND PROPOSED ORDER
1082097