Arthur A. Hartinger (SBN 121521)
ahartinger@meyersnave.com
Reichi Lee (SBN 228578)
rlee@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510.808.2000
Facsimile: 510.444.1108

Attorneys for Defendant
CITY OF FREMONT

Douglas C. Kane (SBN 198934)
dougkane@protectingrights.net
LAW OFFICE OF DOUGLAS KANE
123 Jewell Street
Santa Cruz, CA 95060
Telephone: (831) 459-8000
Facsimile: (831) 459-8127

Attorney for Plaintiff
PHILLIP BROOKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BROOKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF FREMONT, CRAIG STECKLER, ROBERT NELSON, CHARLES UHLER, CURTIS CODEY, and Does 1-20, Inclusive,<br><br>　　　　Defendants. | CASE NO. C 07-06458 JSW<br><br>[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIAL MATERIAL<br><br><br>Complaint Filed: November 26, 2007 |

**Recitals**

WHEREAS, plaintiff Phillip Brooks ("Brooks") has subpoenaed records regarding defendant City of Fremont's ("the City") investigation into complaints made by Brooks; and

WHEREAS, the City does not object to the production of the investigative file pursuant to a Protective Order to ensure the materials are maintained as strictly confidential, and they are used in this litigation only and for no other purpose;

NOW, THEREFORE, the parties hereto, by and through their respective counsel, stipulate as follows:

### Definitions

1. The term "this litigation" as used in this Stipulation shall mean the action set forth in the above caption.

2. "Confidential Material" is defined as the investigation report by Karen Kramer ("Report") and all related materials in Kramer's file. The City reserves the right to determine if there are further confidential materials which should be produced at a future time. Any material produced by the City and marked "Confidential" shall be deemed confidential and subject to the provisions of this Protective Order.

### Treatment of Confidential Material

3. Plaintiff and his attorney shall not show, copy or convey the substance of any Confidential Material to anyone, except as hereinafter set forth in paragraph 4 of this Protective Order. All persons who have access to the Confidential Material pursuant to this Protective Order are expressly ordered and enjoined from disclosing Confidential Material to any other persons. Confidential Material disclosed under this Protective Order may not be used for any other purpose other than the preparation for and the prosecution of this litigation. If the case resolves, plaintiff shall return the Confidential Material to defendant pursuant to paragraph 10.

4. Confidential Material may only be disclosed to the following persons ("Qualified Persons"):

    a. Plaintiff;

    b. Plaintiff's counsel, including any employees who are involved in assisting counsel;

    c. Expert witnesses who are assisting counsel in this litigation;

      d.    The mediator(s) used by the parties (including the mediators' staff), provided that all such mediators and their staff be advised of this Protective Order; and

      e.    The Court and any court personnel.

5. Plaintiff may at any time after production of material designated as "Confidential", object to the designation by notifying defendant in writing of that objection and the basis therefore and specifying the designated materials to which the objection is made. The parties shall, within ten days of service of such objections, in good faith, attempt to resolve any objections. If the objection is not resolved, plaintiff, within thirty days of the failure to resolve, may file and serve a motion to obtain court determination of the dispute surrounding designation of the materials. Pending a ruling from the Court, defendant's designation shall control.

6. In the event that plaintiff determines that an item of Confidential Material must be disclosed to "Qualified Persons" as defined above, with the exception of those individuals listed in 4(d) and 4(e) above, the following procedure shall govern: Before the disclosure of any Confidential Material subject to this Stipulation, such Qualified Persons shall execute an acknowledgment that they are bound by the provisions of this Protective Order; that the Confidential Material may not be disclosed; and that such person is liable to the power of this Court for any violation of this Protective Order.

7. In the event plaintiff wishes to include any Confidential Material in any motion, pleading or other court filing, plaintiff shall take appropriate measures to ensure the information is filed under seal and protected from public disclosure pursuant to the Court's procedures.

8. In the event plaintiff wishes to use any Confidential Material at trial, plaintiff must meet and confer with the City's counsel to ensure that there are adequate safeguards in place to protect the confidentiality of the information.

9. In the event plaintiff wishes to use any Confidential Material during a deposition, the parties shall meet and confer on the appropriate means of sealing the deposition and protecting the information from disclosure. Only Qualified Persons, the

1. court reporter, and the witness shall be present at any such deposition.

2. 10. Upon final termination of this suit, whether by settlement or judgment (after any appeals), plaintiff and his counsel shall promptly return all Confidential Material to the City's counsel, including any copies. The provisions of this Protective Order, insofar as they restrict the communication and use of confidential documents or information produced hereunder or information contained from confidential documents or information shall continue to be binding after the conclusion of this litigation unless written permission is given by defendants or pursuant to further order of this Court.

3. 11. The terms and provisions of this Protective Order are subject to modification, extension, or termination only as may be hereafter agreed to by all parties in writing or by further order of this Court. Any party may apply to the Court to resolve any dispute regarding the impact and effect of this Protective Order.

IT IS SO STIPULATED.

Dated: June 24, 2008

MEYERS, NAVE, RIBACK, SILVER & WILSON

By: _____
Arthur A. Hartinger, Esq.
Attorneys for Defendant
CITY OF FREMONT

Dated: June 24, 2008

LAW OFFICE OF DOUGLAS KANE

By: _____
Douglas C. Kane, Esq.
Attorney for Plaintiff
PHILLIP BROOKS

IT IS SO ORDERED.

DATED: _____    _____
The Honorable Jeffrey S. White
United States District Court Judge

[Proposed] Stipulation and Protective
Order Re Confidential Material
1113717.1

[C 07-06458 JSW]