Arthur A. Hartinger (SBN 121521)
ahartinger@meyersnave.com
Reichi Lee (SBN 228578)
rlee@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA 94607
Telephone: 510.808.2000
Facsimile: 510.444.1108

Attorneys for Defendants
CITY OF FREMONT, CRAIG STECKLER,
ROBERT NELSON, CHARLES UHLER, and
CURTIS CODEY

Douglas C. Kane (SBN 198934)
dougkane@protectingrights.net
LAW OFFICE OF DOUGLAS KANE
123 Jewell Street
Santa Cruz, CA 95060
Telephone: (831) 459-8000
Facsimile: (831) 459-8127

Attorney for Plaintiff
PHILLIP BROOKS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BROOKS, | CASE NO. C 07-06458 JSW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | |
| CITY OF FREMONT, CRAIG STECKLER, ROBERT NELSON, CHARLES UHLER, CURTIS CODEY, and Does 1-20, Inclusive, | Date: July 11, 2008<br>Time: 1:30 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |
| Defendants. | |

The parties to this action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its initial Case Management Order in this case.

A. **JURISDICTION AND SERVICE**

This action was originally filed by plaintiff Phillip Brooks ("Plaintiff" or "Brooks") in the

Superior Court of California, County of Alameda on November 26, 2007. Defendant City of Fremont ("City") first received a copy of the Complaint on or about December 6, 2007. Subsequently, individual defendants Chief of Police Craig Steckler, Captain Robert Nelson, Lieutenant Charles Uhler, and Sergeant Curtis Codey agreed to accept service.

This action was removed to this Court on December 21, 2007 pursuant to 28 U.S.C. § 1441(b) on the grounds that the action alleges violations of federal claims 42 U.S.C. §§ 1981 and 1983, and asserting that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

On February 19, 2008, the parties entered into a Stipulation to dismiss individual defendants Lieutenant Uhler and Sergeant Codey based on the statute of limitations.

**B.    FACTS**

**PLAINTIFF'S ALLEGATIONS**

Plaintiff is an African-American male who has been employed with the City of Fremont Police Department for the past eight years and continues to be employed there. The remaining causes of action are against the City only:

(1)    Racial harassment in violation of the Fair Employment and Housing Act ("FEHA");

(2)    Racial discrimination in violation of FEHA;

(3)    Failure to provide a discrimination-free workplace under FEHA;

(4)    Denial of equal protection under 42 U.S.C. § 1983; and

(5)    Denial of equal rights under 42 U.S.C. § 1981.

Plaintiff alleges that the City fostered an environment conducive to allowing racial discrimination and harassment to flourish. He further alleges that he was exposed to racial jokes and comments, and other racially-based harassment, throughout the period during which he has worked at the Fremont Police Department, including being referred to as a "fucking black idiot" by one supervisor, and being told that "his kind" would probably be better off some place else, like Oakland. In addition, he alleges disparate treatment based on his race, which denied him the opportunity for advancement afforded to similarly situated non-African-American employees of

the department.

Plaintiff's alleged damages include: back pay, front pay, loss of benefits, loss of earning capacity, medical expenses and other special damages in the amount of $100,000; general damages in the amount of $1,000,000; punitive damages; and reasonable attorney's fees pursuant to Government Code § 12965(b) and 42 U.S.C. § 1988.

### DEFENDANT'S RESPONSE

The City denies Plaintiff's general allegation – that it promotes and condones a culture of discriminatory practices against African-American police officers. Plaintiff was not denied advancement in the police department on account of his race or by "weeding out" prospective candidates through an "overly scrutinized selection process." The City further denies fostering an environment in which racially offensive jokes and harassment of African-American police officers are tolerated. (Compl. ¶ 11-12.)

The vast majority of Plaintiff's complaints surround interactions relative to Plaintiff's poor work performance. The City denies having subjected Plaintiff to any discriminatory or harassing comments or conduct. Rather, the City asserts that Plaintiff's allegations all relate to discretionary personnel actions and decisions (or lack thereof) taken based on Plaintiff supervisors' management and supervisory roles. Further, all of the racially offensive conduct alleged by Plaintiff falls squarely outside the statute of limitations. Indeed, Plaintiff has stipulated to dismiss two defendants with prejudice -- Uhler and Codey -- based on the statute of limitations.

The City believe this lawsuit is completely meritless. Plaintiff continues to report to work full time performing his regular police duties. He raises no legitimate complaints in this lawsuit.

C. **LEGAL ISSUES**

### PLAINTIFF'S STATEMENT

Plaintiff alleges that the racially-based conduct of the employees of defendant City of Fremont was sufficiently severe and pervasive to create a hostile work environment and to alter the terms and conditions of his employment, constituting racial harassment in violation of the California Fair Employment and Housing Act (FEHA), Government Code section 12940, subdivision (j). Plaintiff alleges that some of the alleged conduct occurred within one year

1  preceding the filing of his complaint with the California Department of Fair Employment and
2  Housing, and that therefore the continuing violations doctrine applies to his racial harassment
3  claim. He further alleges that the disparate treatment on the basis of his race that he was exposed
4  to constitutes racial discrimination in violation of the FEHA (Gov. Code section 12940(a)), and
5  that the City failed to take reasonable steps to provide him with a harassment and discrimination-
6  free workplace in violation of the FEHA (Gov. Code section 12940(k)). Plaintiff also alleges that
7  the City's conduct denied him equal protection under the law in violation of the Fourteenth
8  Amendment of the United States Constitution, pursuant to 42 U.S.C. section 1983, and that he was
9  deprived of equal rights under color of law pursuant to 42 U.S.C. section 1981.

**DEFENDANT'S RESPONSE**

The City denies that it committed any acts or omissions which would subject them to liability under any of the claims for relief stated in the Complaint. In addition, the City denies that it breached any statutory duties to Plaintiff and that Plaintiff has suffered any damages as a result of the City's alleged acts and omissions.

**D.    MOTIONS**

Defendants City, Chief Steckler and Captain Nelson filed a Motion to Dismiss on February 25, 2008. The Court dismissed the two remaining individual defendants, Chief Steckler and Captain Nelson, and the negligent and intentional infliction of emotional distress claims as against all defendants. Defendants anticipate filing a Motion for Summary Judgment or Adjudication of Issues after completion of discovery.

**E.    AMENDMENT OF PLEADINGS**

Plaintiff opted not to amend the Complaint and proceeds against the City only. The City has not filed an Answer to the Complaint, but anticipates doing if the case does not settle at the mediation scheduled for July 8, 2008.

**F.    EVIDENCE PRESERVATION**

The parties certify that any evidence relevant to the issues reasonably evident in this action is being preserved.

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
1117598

[C 07-06458 JSW]

### G. DISCLOSURES

Initial Disclosures were served by Defendants on March 21, 2008. Initial Disclosures were served by Plaintiff on March 24, 2008. The disclosures detail the names of the individuals likely to have discoverable information, along with the subjects of that information, a description by category of relevant documents the parties may use to support their anticipated claims and defenses, a computation of damages claimed by Plaintiff, and a statement of insurance.

### H. DISCOVERY

To date, formal written discovery and depositions have not yet commenced. The City retained an outside investigator, Karen Kramer, to conduct an investigation into Brooks' complaints of racial discrimination and harassment. Kramer's report ("Kramer Report") and investigative file are the subject of a Protective Order and have been produced.

Pursuant to F.R.C.P. 26(f), the parties have met and conferred and propose the following discovery plan:

a.  Initial Interrogatories, Requests for Production of Documents and/or Requests for Admissions to be served by mail on or before January 2, 2009.

b.  Deposition of named parties to be completed on or before March 13, 2009. The parties hereby waive the 7-hour time limitation for the deposition of Plaintiff. Any further extensions of time will require written stipulation of the parties' counsel or an order of the Court.

c.  Depositions of non-parties, if any, to be completed on or before the discovery cut-off on April 3, 2009. The 7-hour limitation on each of these depositions may be waived or extended only by written stipulation of the parties' counsel or an order of the Court.

d.  Subpoenas duces tecum (documents only), if any, to be served on non-party witnesses with response dates due prior to the discovery cut off on April 3, 2009.

e.  Designation of expert witnesses to be served by mail on or before April 3, 2009.

f.  Depositions of expert witnesses, if any, to be completed on or before June 5, 2009. The 7-hour limitation on each of these depositions may be waived or extended only by written stipulation of the parties' counsel or an order of the Court.

g.  Discovery cut-off: April 3, 2009.

I.  **CLASS ACTIONS**

Not applicable.

J.  **RELATED ACTIONS**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

K.  **RELIEF**

Plaintiff seeks compensatory damages from all defendants, and punitive damages from the individual defendants. He further seeks reasonable attorney's fees and costs, interest, and whatever additional relief the court deems proper and just.

L.  **SETTLEMENT AND ADR**

The parties have agreed to participate in mediation on July 8, 2008 before mediator JoAnne Dellaverson.

M.  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On January 2, 2008, Defendants filed a Declination to Proceed Before a Magistrate for trial and disposition of this case and the case was reassigned to this Court.

N.  **OTHER REFERENCES**

The parties have no need for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

O.  **NARROWING OF ISSUES**

The parties may stipulate to facts at trial in order to narrow the issues.

P.  **EXPEDITED SCHEDULE**

The parties have no need for expedited scheduling.

Q.  **SCHEDULING**

The parties have agreed to the following proposed dates:

1. Non-expert discovery cut-off: April 3, 2009
2. Expert disclosure cut-off: June 5, 2009
3. Hearing on dispositive motions: June 8, 2009
4. Pre-trial conference: June 22, 2009

JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER
1117598

[C 07-06458 JSW]

1     5.     Trial is requested for: July 6, 2009.

**R.**     **TRIAL**

Plaintiff has demanded a jury trial. The parties anticipate a 5-7 day trial.

**S.**     **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

At this time, the parties have no disclosure to make under Civil Local Rule 3-16 and have each filed a certification with the Court.

Dated: July 3, 2008      MEYERS, NAVE, RIBACK, SILVER & WILSON

By: /s/ Reichi Lee
    Arthur A. Hartinger, Esq.
    Reichi Lee, Esq.
    Attorneys for Defendants
    CITY OF FREMONT, CRAIG STECKLER, ROBERT NELSON

Dated: July 3, 2008      LAW OFFICE OF DOUGLAS KANE

By: /s/ Doug Kane
    Douglas C. Kane, Esq.
    Attorney for Plaintiff
    PHILLIP BROOKS

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____

_____
Hon. Jeffrey S. White
United States District Court Judge